**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JOSEPH W. MAY,
ADC #100355                                                                                         PLAINTIFF

v.                                          NO. 1:13CV00041 JLH/JTR

SHARON MEGLOTHLIN,
Program Coordinator/Treatment Counselor; and
MAXIE FOOTE, Captain, Wrightsville Unit,
Arkansas Department of Correction, *et al.*                                      DEFENDANTS

**OPINION AND ORDER**

Joseph W. May is a prisoner in the Grimes Unit of the Arkansas Department of Correction. In this *pro se* § 1983 action, he alleges that Defendants Sharon Meglothlin and Maxie Foote violated his constitutional rights when they failed to protect him from being attacked by another inmate on October 12, 2010. Documents #5 & #7. Defendants have filed a motion for summary judgment on the issue of exhaustion, and May has responded. Documents #23, #24, #25 & #29. For the following reasons, the motion for summary judgment is granted, and this case is dismissed without prejudice.

**I.**

A court should enter summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine

dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008). A genuine dispute exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing sufficient to establish a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 322-23, 106 S. Ct. at 2552.

## II.

The Prison Litigation Reform Act provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89-91, 126 S. Ct. 2378, 2385-86, 165 L. Ed. 2d 368 (2006).

The PLRA requires inmates to fully and properly exhaust their administrative remedies as to each claim in the complaint, and to complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885

(8th Cir. 2000). Additionally, the Supreme Court has emphasized that: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218, 127 S. Ct. at 923; *see also Woodford*, 548 U.S. at 90-91, 126 S. Ct. at 2386. Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To exhaust administrative remedies within the ADC, a prisoner must file an informal resolution with the designated problem solver, a grievance with the Warden if attempts at informal resolution are unsuccessful, and an appeal of the denial of the grievance to the ADC Deputy/Assistant Director. Document #23, Ex. A (ADC Adm. Dir. 09-01 § IV(E) through (G) (January 30, 2009)).

May admits that he did not file any informal resolutions or grievances alleging that defendants failed to protect him from the October 12, 2010 attack. Document #29. May explains that he was unable to do so because "from the time of the attack up to the time of surgery" he was "housed in an isolation cell with both eyes swollen shut and having very blurred vision and could not see to write." *Id*. at 1. May, however, has not explained why he did not use the prison grievance process after he recovered from his surgery and injuries. Importantly, there is no evidence that May was physically unable to do so, that he filed a belated informal resolution or grievance that was rejected as being untimely filed, or that ADC officials otherwise prevented him from exhausting his administrative remedies. *See Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Thus, his failure to protect claim must be dismissed without prejudice. *See Jones*, 549 U.S. at 211, 127 S. Ct. 918-19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

## CONCLUSION

For the forgoing reasons, defendants' motion for summary judgment (Document #23) is granted, and this case is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 18th day of March, 2014.

/s/ J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE